**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FITBIT, INC. <br><br>         Plaintiff, <br><br> v. <br><br> KONINKLIJKE PHILIPS N.V., <br><br>         Defendant. | Case No. 1:20-cv-11611-RGS |

**PLAINTIFF FITBIT, INC.'S MEMORANDUM OF LAW IN RESPONSE TO
DEFENDANT'S MOTION TO STAY CASE PENDING
<u>PARALLEL INTERNATIONAL TRADE COMMISSION ACTION</u>**

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

    A. Prior Litigation Between the Parties .................................................................... 2

    B. The ITC Investigation and the Patents-in-Suit...................................................... 3

    C. This Declaratory Judgment Suit............................................................................ 4

    D. Upcoming Decisions at the ITC and USPTO ....................................................... 6

III. ARGUMENT ........................................................................................................................ 7

IV. CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aliphcom v. Fitbit, Inc.*,
   154 F. Supp. 3d 933 (N.D. Cal. 2015) ...................................................................................9

*Certain Wearable Monitoring Devices, Systems, and Components Thereof*,
   ITC Investigation No. 337-TA-1190 .....................................................................................3

*FormFactor, Inc. v. Micronics Japan Co.*,
   No. CV-06- 07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) ...................................8

*Google Inc. v. Creative Labs, Inc.*,
   No. 16-cv-02628-JST, 2016 WL 6947564 (N.D. Cal. Nov. 28, 2016) ....................................9

*Landis v. North American Co.*,
   299 U.S. 248 (1936) ............................................................................................................7, 8

*Philips N. Am. LLC v. Fitbit, Inc.*,
   D. Mass. Case No. 1:19-cv-11586-IT ....................................................................................2

*Tandon Corp. v. U.S. Int'l Trade Comm'n*,
   831 F.2d 1017 (Fed. Cir. 1987) ...........................................................................................4, 8

*Tex. Instruments Inc. v. Cypress Semiconductor Corp.*,
   90 F.3d 1558 (Fed. Cir. 1996) .............................................................................................4, 8

**Statutes**

28 U.S.C. § 1659 .........................................................................................................................8

35 U.S.C. § 315(e) .......................................................................................................................7

# I. INTRODUCTION

Plaintiff Fitbit, Inc. ("Fitbit") hereby responds to the motion to stay filed by Defendant Koninklijke Philips N.V. ("Philips"). Fitbit submits that a short stay of a few weeks is appropriate, pending decisions that are expected in October 2020 at the International Trade Commission ("ITC") and the United States Patent and Trademark Office ("USPTO") regarding the patents-in-suit. But Fitbit respectfully submits that the Court should defer any consideration of a longer stay until November 2020, and should order the parties to submit further briefing in early November about whether a longer stay is warranted.

This is a declaratory judgment lawsuit in which Fitbit seeks a declaration that it does not infringe three patents owned by Philips. The patents-in-suit are the subject of an ITC investigation, instituted at Philips's request, and are also the subject of petitions for *inter partes* review ("IPR") at the USPTO, where Fitbit has asked the USPTO to cancel claims of the patents because they are unpatentable over prior art. By early November, the USPTO will have decided whether to institute the requested IPR proceedings, and the Administrative Law Judge at the ITC will have decided whether to grant summary determination that Fitbit does not infringe the patents-in-suit (as urged by Fitbit and also by the ITC Staff, who are independent counsel representing the public interest and who agree with Fitbit that there is no infringement of the Philips patents).

Depending on those decisions, the parties may be able to reach agreement about whether a longer stay is appropriate regarding certain aspects of this case. But it would be premature to decide the contours of a longer stay until those decisions are issued and the parties can address their impact on this case via further briefing in November. Therefore Fitbit respectfully asks the Court to deny Philips's motion for a longer stay, or alternatively to hold that motion in abeyance, and to order the parties to submit further briefing in early November.

## II.  BACKGROUND

In its motion, Philips accuses Fitbit of filing this declaratory judgment case "for the purpose of unnecessarily increasing the scale and complexity of ongoing litigation between the parties to try to gain perceived tactical leverage." D.I. 34 at 5.  Not only is that false, but it is Philips that filed meritless infringement suits against Fitbit in multiple forums across two continents.  A brief review of the history of litigation between the parties demonstrates that Fitbit filed this suit entirely for the proper purpose of dispelling a cloud of meritless infringement accusations made by Philips, and further demonstrates why the Court should wait until November before deciding whether to stay this suit for a substantial period of time.

**A.     Prior Litigation Between the Parties**

As Philips notes in its motion, this is not the first suit between the parties.  In fact, Philips has been engaged in a campaign of meritless patent litigation against Fitbit for several years.  Starting in Europe, Philips sued Fitbit for allegedly infringing a patent that had *already been revoked as invalid* by the European Patent Office when Philips brought the suit (and has now been confirmed invalid by the European Patent Office Board of Appeal).  Philips followed with another meritless infringement lawsuit in Germany, which has been stayed while the Federal Patent Court considers invalidity; that Court just issued a preliminary opinion in Fitbit's favor on invalidity.  Recently, Philips filed a third meritless infringement suit in Germany, seeking a preliminary injunction under a patent that is set to expire before the end of the year—relief that would be meaningless by the time it would be decided, which Philips must have known when seeking it.

Philips's United States subsidiary Philips North America LLC also sued Fitbit here in the District of Massachusetts, asserting four patents that should not have been granted because they claim ineligible subject matter and are also invalid over the prior art or for indefiniteness.  *See Philips N. Am. LLC v. Fitbit, Inc.*, D. Mass. Case No. 1:19-cv-11586-IT.  Indeed, Philips North

2

America recently withdrew one of those patents *sua sponte* more than a year after asserting it, presumably because Philips North America recognizes it had no basis for the assertion. *See* Rosenberg Decl., Ex. A (Docket Number 81 from *Philips N. Am. LLC*) at 1.

**B.     The ITC Investigation and the Patents-in-Suit**

In addition to the suits above, Philips filed yet another complaint in the International Trade Commission ("ITC") in December 2019, asserting another set of patents against Fitbit's products. *Certain Wearable Monitoring Devices, Systems, and Components Thereof*, ITC Investigation No. 337-TA-1190. The patents at issue in the ITC investigation are the same ones at issue in this suit— U.S. Patent. No. 7,845,228 ("the '228 patent), U.S. Patent. No. 9,820,698 ("the '698 patent), and U.S. Patent. No. 9,717,464 ("the '464 patent). These patents supposedly provide improved ways of monitoring a user's motion and physiological parameters such as heart rate. But Fitbit does not use these alleged improvements—which are not actually improvements at all. Instead, the Fitbit smartwatches and trackers that Philips has accused of infringement actually work in the exact *opposite* way from Philips's patent claims. Thus, Philips's infringement allegations are completely meritless.

For example, the '228 patent claims an activity monitor that is operable to monitor and process sensor signals "discontinuously in time," which is supposedly an improvement because it consumes less battery power than monitoring and processing the signals continuously. But the accused Fitbit smartwatches and trackers monitor and process sensor signals *continuously*, every second of the day and night, without ever stopping—exactly what the '228 patent criticizes and says is the *opposite* of the claimed invention. And the accused products work that way because Fitbit made the intentional design choice to monitor the sensor signals continuously, until the battery runs out, so that the accused products can provide complete step counts and other metrics that depend on continuous monitoring. Thus, there is no infringement.

Likewise, the '464 patent claims a method of monitoring sensor readings *only at certain times*—namely, when the user is in motion but when acceleration and deceleration are within a range that corresponds with a motion direction change—which is supposedly an improvement because it avoids taking measurements during times of vigorous motion, which can introduce noise into the measurement. But the accused Fitbit heart rate feature works the opposite way, monitoring sensor readings *all the time*, regardless of how much acceleration or deceleration there is, and even when there is noise in the measurements. Indeed, the accused products use sophisticated algorithms for *removing* the noise from the measurements. Thus, they have no use for, and do not use, the claimed method of the '464 patent. There is simply no infringement.

Finally, the '698 patent claims a work-around for measuring body motion *without* using an accelerometer. Instead of using an accelerometer, the patent uses a non-motion sensor, and then it uses specific algorithms to extract body-motion information from the noise in the non-motion sensor signal. The accused Fitbit products do not use this work-around because they do not need it. Each of the Fitbit smartwatches and trackers *has an accelerometer* and uses it to measure body motion. That is the exact *opposite* of the approach claimed in the '698 patent, and does not infringe.

## C.     This Declaratory Judgment Suit

By filing its latest complaint in the ITC rather than in a district court, Philips compounded its assertions against Fitbit. As Philips knows, the Federal Circuit has held that decisions by the ITC in patent disputes do not have preclusive effect in district courts. *See, e.g., Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996); *Tandon Corp. v. U.S. Int'l Trade Comm'n*, 831 F.2d 1017, 1019 (Fed. Cir. 1987). Thus, Fitbit cannot put a stop to Philips's assertions merely by defeating Philips' complaint in the ITC, as that would still leave

4

open the possibility of Philips filing a new infringement suit against Fitbit on the very same meritless infringement allegations.

Moreover, despite Fitbit's explanation to Philips at the outset of the ITC investigation that Fitbit does not infringe the asserted patents and that there was no basis for Philips's allegations of infringement, Philips refused to withdraw its ITC complaint. D.I. 24-1 ¶ 2 and Ex. A. The parties held a settlement meeting by telephone on March 30, 2020, pursuant to the ITC procedural schedule, but reported to the ITC that they were not able to reach agreement. D.I. 24-1, ¶ 4.

Therefore, Fitbit filed this action on April 2, 2020, seeking a Declaratory Judgment that Fitbit does not infringe the three patents asserted by Philips in the ITC. *See* D.I. 1 (Complaint). That is the only way for Fitbit to clear itself fully of the cloud of meritless infringement allegations raised by Philips.[1] Fitbit originally filed this suit in the Northern District of California because that is where the Fitbit products at issue were developed, where relevant documents and witnesses are located, and where Fitbit is headquartered. D.I. 24 at 3-4.[2]

Philips responded to the Complaint by moving to dismiss, transfer, or stay the suit. D.I. 18. Fitbit opposed Philips's motion, including the stay request, because at that time the trial in the ITC investigation was still months away, as were the USPTO's decisions about whether to institute IPR proceedings on the patents-in-suit. D.I. 24. The Northern District of California granted Philips's motion to transfer to this District, and did not rule on the stay request. D.I. 26. The transfer order issued on July 9, 2020. *Id.* Through no fault of Fitbit, the transfer was not completed

---

[1] Fitbit also filed petitions for IPR at the USPTO, because the patent claims asserted by Philips are invalid and should never have been issued over the prior art. D.I. 34 at 5 n.1.

[2] Fitbit has also filed a separate suit against Philips for infringement of Fitbit's patents, which is now pending before Judge Young in this District as Case No. 1:20-cv-11613-WGY. That suit is not relevant to the instant motion.

until nearly two months later on August 28, 2020.[3]  D.I. 27.  Philips then filed the instant motion to stay, on September 14, 2020.  D.I. 34.

### D.     Upcoming Decisions at the ITC and USPTO

While the results of the ITC investigation will not have preclusive effect in this suit, there is an important upcoming decision in the ITC that is likely to be issued within the next few weeks, and that this Court should consider when deciding whether to stay this suit for a substantial period of time.  Specifically, Fitbit has moved in the ITC for summary determination—the ITC version of summary judgment—that Fitbit's products do not infringe the patents-in-suit.  *See* Rosenberg Declaration, Ex. B (Public version of Fitbit's motion).  This motion is particularly notable because the ITC Staff, who are independent government counsel representing the public interest, *agree* with Fitbit that there is no infringement and that summary determination is warranted in Fitbit's favor on all three patents.  *Id.*, Ex. C (Public version of Fitbit's reply) at 2 (noting "Staff's supporting Response").

The Administrative Law Judge ("ALJ") in the ITC is likely to rule on Fitbit's motion in October, because an evidentiary hearing in the investigation is scheduled for October 19-23, 2020, and if Fitbit's motion is granted, it may moot this hearing and dispose of Philips's infringement claims in the ITC.  Alternatively, if Fitbit's motion is not granted, then the parties will continue litigating before the ALJ.  Thus, the contours of any remaining proceedings in the ITC are likely to be substantially clearer by the end of October.

---

[3]  Philips insinuates without any basis that Fitbit could have taken action "to speed the transfer."  D.I. 34 at 6.  Fitbit is not aware of any authority allowing a party to control the speed with which one district court transfers a case to another district court after a transfer order, nor has Philips identified any such authority.

Also upcoming in October, the USPTO is scheduled to decide whether to institute the IPR proceedings that Fitbit has requested on all of the patents-in-suit. Fitbit filed petitions requesting these IPR proceedings because the patent claims asserted by Philips are invalid and should never have been granted. In its IPR petitions, Fitbit identified prior art that anticipates or renders obvious each of Philips's asserted patent claims, and Fitbit asked the USPTO to review Philips's patent claims against that prior art. If the USPTO agrees to institute the IPR proceedings, then the results of those proceedings will have certain preclusive effects under the Patent Act, and could affect certain prior-art invalidity defenses to be litigated in this suit if Philips asserts counterclaims for infringement. *See* 35 U.S.C. § 315(e). Thus, the parties will know by November whether any of these IPR proceedings are going forward, and those institution decisions may illuminate the contours of any stay or partial stay of this suit.

### III. ARGUMENT

Given the upcoming decisions in October 2020 at the ITC and USPTO regarding the patents-in-suit, Fitbit submits that the Court should not grant Philips's motion, but rather should order further briefing in early November regarding the possibility of a longer stay. Depending on the October decisions at the ITC and USPTO, the parties may be able to reach agreement on the contours of a longer stay. If the parties continue to disagree, then the October decisions will at least provide clarity regarding the length of any further ITC and USPTO proceedings, thus focusing the dispute over a stay. For example, if the ALJ grants summary determination of non-infringement in the ITC investigation, then a further stay may be warranted here.

However, if the Court prefers to rule on the motion now rather than wait for further briefing in November, then the Court should deny Philips's motion, because it is premised on incorrect arguments about the *Landis* factors. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

7

First, Philips wrongly contends that "because Fitbit is merely seeking a declaration of noninfringement with respect to the same patents that are already being litigated in earnest in the ITC Action, Fitbit suffers no cognizable harm from [a] stay." D.I. 34 at 7. To the contrary, every day that Philips is permitted to maintain a cloud of meritless infringement allegations over Fitbit's head, Fitbit is harmed. Moreover, the ITC's decisions in patent disputes do not have preclusive effect as a matter of law in federal district courts. *See, e.g., Tex. Instruments*, 90 F.3d at 1569; *see Tandon*, 831 F.2d at 1019. Thus, a stay over Fitbit's objection would unfairly prejudice Fitbit by postponing the opportunity for preclusive relief. Indeed, Congress has recognized that, while a respondent in an ITC investigation (like Fitbit) does not have to litigate in two fora at once, that choice is the respondent's to make (*i.e.*, it is Fitbit's choice). *See* 28 U.S.C. § 1659 (providing that ITC respondents like Fitbit, but not ITC petitioners like Philips, have the right to stay district court proceedings). Therefore, this factor weighs against a discretionary stay under *Landis* unless Fitbit supports a stay.

Second, to warrant a stay over Fitbit's objection, Philips "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [Philips] prays will work damage to [Fitbit]." *Landis*, 299 U.S. at 255. Philips does not make that case. While Philips claims that it will suffer "clear hardship and inequity" if this case is not stayed (D.I. 34 at 8), that claim rings hollow, because it was Philips's own choice to file suit in the ITC on these patents instead of in district court. Thus, Philips is responsible for choosing a forum that cannot resolve the parties' dispute with preclusive effect as a matter of law. Indeed, Philips's alleged "hardship related to defending a lawsuit is irrelevant when considering whether to grant a stay." *FormFactor, Inc. v. Micronics Japan Co.*, No. CV-06- 07159 JSW, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008). Further, Philips should not complain about being forced

8

to litigate on multiple fronts at once, given that it was Philips itself who made the choice to press Fitbit into litigation on multiple fronts at once (including the ITC and the District of Massachusetts as well as in Europe) even before this case was filed.

Finally, Philips argues that a stay is appropriate because "almost all the same work and discovery that would otherwise go into the present case is already playing out in the ITC." D.I. 34 at 8. But that is not a reason to stay this suit over Fitbit's objection. To the contrary, if the parties do not reach an agreement to stay the case in November, then the parties can proceed here by making use of the complete record that will have already been developed by then in the ITC (including testimony for the evidentiary hearing in October if there is one). While Philips argues that a stay would "avoid the risk of inconsistent adjudication," that risk is not paramount here because the ITC's decisions will not have preclusive effect on this Court in any event. *Cf. Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938–40 (N.D. Cal. 2015) (granting stay pending ITC proceeding in light of risk of "inconsistent rulings," and acknowledging that "this Court is not bound by the ITC's determination," but not acknowledging that the absence of preclusion renders the risk of inconsistent rulings less of a concern). Likewise, while Philips relies on the Google case where a stay was granted, the situation there was significantly different from this case—there, the ITC had already completed its investigation, its decision was under review by the Federal Circuit, and the district court recognized that the Federal Circuit's guidance would be valuable. *See Google Inc. v. Creative Labs, Inc.*, No. 16-cv-02628-JST, 2016 WL 6947564, at *3 (N.D. Cal. Nov. 28, 2016) (discussing benefit of "guidance of the ITC *and Federal Circuit*") (emphasis added). Here, Philips's complaint is still pending at the ITC, and there is no guarantee that the ITC's decision will be appealed to the Federal Circuit—and thus no guarantee that a stay would result in guidance from the Federal Circuit on any issues here.

## IV. CONCLUSION

For the reasons explained above, a short stay of a few weeks is warranted pending decisions that are expected in October 2020 in the USPTO and ITC, but the Court should deny Philips's motion for a longer stay or should hold that motion in abeyance, and should order the parties to submit further briefing in early November 2020.

September 28, 2020                                    Respectfully submitted,

*/s/ Stuart M. Rosenberg*

Josh Krevitt (admitted pro hac vice)
Stuart Rosenberg (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
jkrevitt@gibsondunn.com
SRosenberg@gibsondunn.com


Wayne Barsky(admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
wbarsky@gibsondunn.com

Y. Ernest Hsin (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
EHsin@gibsondunn.com

Christine K. Bush (BBO #635381)
Laurel M. Gilbert (BBO #687760)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
Telephone: (617) 345-9000
cbush@hinckleyallen.com
lgilbert@hinckleyallen.com

*Counsel for Plaintiff Fitbit, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on September 28, 2020.

*/s/ Christine K. Bush*
Christine K. Bush
