**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FITBIT, INC._Plaintiff_,<br><br>v.<br><br>KONINKLIJKE PHILIPS N.V.,_Defendants_. | Case No. 1:20-cv-11611-RGS |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO STAY CASE PENDING FORTHCOMING RESOLUTION OF
PARALLEL INTERNATIONAL TRADE COMMISSION ACTION**

*Leave to file granted October 2, 2020*

Koninklijke Philips N.V. ("Royal Philips") hereby respectfully replies to Fitbit, Inc.'s ("Fitbit") Opposition (Dkt. 50) to Royal Philips's Motion to Stay (Dkt. 33, "Motion").

### A. Intervening Determinations In The ITC And Patent Office Have Now Made The Stay All The More Appropriate

Just a few days ago on October 2, 2020 (which was *after* Fitbit's Opposition was filed), the ITC issued an final pre-trial order confirming that the trial will proceed on October 21-23, 2020. The result of that hearing and remedy will undoubtedly be appealed by Fitbit leading to a pronouncement by the Federal Circuit. As to infringement, the Judge also found as to the '228 Patent that "Philips has shown that the accused products infringe the 'in turn' limitation." The Judge additionally granted summary judgment in favor of Philips on economic domestic industry. If Fitbit plans to appeal, its appeal is due to the Commission in the immediate future and then to the Federal Circuit to have the final word. At the same time, the Judge granted summary determination of noninfringement as to Royal Philips's '464 and '698 Patents relative to Fitbit, and those determinations will be appealed by Royal Philips. The present declaratory judgment lawsuit merely duplicates and needlessly multiplies the proceedings between the parties such that they should be stayed to secure judicial economy, avoid inconsistent outcomes, and avoid undue burden. The ITC proceedings are on a fast track to final resolution of issues between the parties including any appellate statements on the issues.

In view of the foregoing, the Court should grant Royal Philips's request to stay this case until the ITC proceedings have fully played out. Alternatively, because of these intervening events happening just a few days before this brief was due (and after an intervening weekend)[1], Royal Philips requests leave to confer further on this matter with Fitbit, after which if the parties cannot agree on a stipulation as to how to proceed, Royal Philips would be able to submit further briefing to supplement

---

[1] The parties reached agreement as to filing the present Reply and forthcoming Sur-Reply prior to the ITC's determinations, and have not otherwise conferred on them in the short time before this brief was due.

2

its original Motion for the purpose of discussing the impact and import of the recent determinations from the ITC and Patent Office. Indeed, this was the very proposal advanced by Fitbit in its own Opposition. By that time, yet more information on the procedural posture of the ITC and Patent Office proceedings may be available. Royal Philips submits that no additional briefing should be needed to grant the requested Stay until the ITC proceedings have run their course, but makes this request simply as an alternative should the Court want more briefing on the matter.

      B.      **Royal Philips's Motion Is Meritorious**

           1.      **Fitbit's Vague Professed Harm Is No Different Than The Kind Deemed Insufficient To Preclude A Stay In The Precedent Cited By The Motion**

As to the first *Landis* factor (harm from a stay), Fitbit contends that it urgently needs to litigate this declaratory judgment suit because it wants to remove the "cloud" purportedly created by concerns that if Fitbit hypothetically were to prevail at the conclusion of the ITC proceedings, then Royal Philips would, hypothetically, sue it again in district court. (Opp., p. 16-17.) However, apart from vaguely alluding to this "cloud," Fitbit fails to articulate what harm would come to it that warrants rushing to preempt a hypothetical future timeline that.

Fitbit's Opposition notably ignores the fact that the kind of vague harm it professes to suffer was deemed insufficient to preclude a stay in the cases that Royal Philips cited in the Motion, including a case in which the court rejected the very same arguments made by Fitbit in that case, and granted a stay pending the outcome of a parallel ITC proceeding in which Fitbit was the respondent:

> In addition, although Fitbit generally contends that a delay would be harmful, it fails to adequately articulate that harm. At the hearing, Fitbit stated it was motivated by the 'harm that comes from having the cloud of a federal court lawsuit' and the desire 'to dispel that cloud at the earliest possible opportunity.' Dkt. No. 66 at 10. Courts, however, are generally unwilling to presume delay is harmful without specific supporting evidence.

*Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938 (N.D. Cal. 2015); *see also Google Inc. v. Creative*

*Labs, Inc.*, No. 16-cv-02628-JST, 2016 U.S. Dist. LEXIS 163696, at *5 (N.D. Cal. Nov. 28, 2016) (the "litigation cloud" argument against granting a stay is unpersuasive coming from a patent declaratory judgment plaintiff) (relying on *Aliphcom*).

Fitbit argues that only it, as the respondent in the ITC Action, should be able to seek a stay of a parallel district court case, but this proposition was squarely refused by the cases cited in the Motion (p. 8-9), which Fitbit tellingly fails to dispute or even acknowledge.

### 2. The Circumstances Of This Case Make Proceeding Particularly Unfair

As to the second *Landis* factor (harm from proceeding), Royal Philips submits that the degree of confusion and work created by litigating the present declaratory judgment claims alongside the ITC proceedings – and possibly also parallel IPRs – constitutes a unique set of factors rising beyond just the "hardship related to defending a lawsuit" (Opp., p. 8). Indeed, Fitbit itself would be harmed from the extra confusion and expense, though obviously is willing to injure itself in an attempt to also injure Royal Philips. Furthermore, Royal Philips has demonstrated how this particular lawsuit was filed for improper purposes, and is hence inherently unfair to Royal Philips. Fitbit argues that Royal Philips should be fine with engaging in extra litigation given that Royal Philips already commenced litigation against Fitbit previously, but the existence of other pending litigation does not justify proceeding with a new one for the wrong reasons.

### 3. A Stay Is Clearly The Appropriate Outcome

As to the third *Landis* factor (orderly course of justice), it is clear that a stay will avoid the significant confusion and risk of inconsistent judgments that would otherwise ensue by litigating this case in parallel with the ITC, all for the sake of preempting a hypothetical follow-on district court litigation that, if it ever even happened, would proceed in the not-too-distant future anyway.

The recent and well-reasoned *Aliphcom* and *Google* decisions are directly on point to the

present facts, and both granted stays pending the resolution of a parallel ITC proceeding. Fitbit has no real basis to distinguish *Aliphcom,* which was decided against Fitbit on essentially the same facts. With respect to the *Google* case, Fitbit tries to make something out of the fact that the parallel ITC proceeding in that case was up on appeal to the Federal Circuit, but the *Google* court hardly said that it would not have granted the stay otherwise, and in fact expressly noted that guidance from both the Federal Circuit <u>and</u> the ITC itself weigh in favor of granting a stay. *Google*, 2016 U.S. Dist. LEXIS 163696, at *8 ("Clearly, Congress thought that district courts would benefit from the guidance of the ITC and Federal Circuit, even if those decisions are only persuasive.").

### C. Conclusion

The facts in existence today compel granting Royal Philips's Motion even more than when it was originally filed. In the alternative, Royal Philips would request addition time to confer with Fitbit, and file supplemental briefing concerning the intervening events in the ITC and Patent Office, if necessary.

Dated: October 5, 2020

Respectfully submitted,

*/s/ Jean-Paul Ciardullo*
Ruben J. Rodrigues (BBO 676,573)
Lucas I. Silva (BBO 673,935)
John W. Custer (BBO 705,258)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Phone: (617) 342-4000
Fax: (617) 342-4001
rrodrigues@foley.com
lsilva@foley.com
jcuster@foley.com

Eley O. Thompson (pro hac vice)
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654-5313
Phone: (312) 832-4359
Fax: (312) 832-4700
ethompson@foley.com

Jean-Paul Ciardullo (pro hac vice)
FOLEY & LARDNER LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071
Phone: (213) 972-4500
jciardullo@foley.com

*Counsel for Koninklijke Philips N.V. and Philips North America, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 5, 2020, a copy of the foregoing document was filed with the Court through the ECF system and that a copy will be electronically served on registered participants as identified on the Notice of Electronic Filing.

/s/ Jean-Paul Ciardullo
Jean-Paul Ciardullo